PER CURIAM.
The following certified question comes to us from the Thirteenth Judicial Circuit, Judge James A. Lenfestey:
“Should a state attorney be disqualified by the trial court on motion of defendant from prosecuting said defendant for the reason that the state attorney was previously the public defender and his office represented the defendant on an unrelated charge approximately four years prior to the occurrence of the crime for which the defendant is presently charged ?”
We are obliged to answer the question as abstractly phrased in the negative. The mere fact that the State Attorney was formerly the Public Defender when defendant was tried for a prior crime and represented by the Public Defender’s office does not, without more, disqualify him from prosecuting defendant for a different, subsequent crime.
We hasten to add, however, that a public defender owes his clients the same high standard of fidelity imposed by the Canons of Ethics on other members of the Bar. His duties in this respect are twofold.[1] First, he may not act against his client in any case or matter in which he formerly represented him.[2] Second, he may at no time use against a former client any *223 confidential information acquired by virtue of the previous attorney-client relationship.[3]
Applying these principles here, the State Attorney can only be disqualified [4] if it were shown that as Public Defender he had actually gained confidential information from a prior attorney-client relationship with the defendant, which information would be useable in the new matter to defendant’s prejudice. Such confidential information, however, must go beyond general information about defendant’s personal characteristics tactically useable in any subsequent trial against him. Thus, contrary to defendant’s assertions, general knowledge of defendant’s “traits, foibles, and the area of his strength, friendships and the like” will not disqualify the prosecutor.[5]
LILES, A. C. J., and PIERCE and Mc-NULTY, JJ„ concur.

. See Prichec v. Tecon Corp. (Fla.App. 3d 1962), 139 So.2d 712.

. See Young v. State (Fla.App.2d 1965), 177 So.2d 345.

. See Canons 6 and 37 of the Canons of Ethics Governing Attorneys as adopted by the Supreme Court of Florida. The latter Canon imposes the same duty on employees of attorneys.

. It is manifest that we do not here have a situation where the State Attorney previously personally represented defendant in the same matter or same case.

.Of course, it is possible that knowledge of even these matters could go beyond general information tactically useable in any trial. For example, if friendship with a certain person is itself a material issue at the subsequent trial and a substantial source of knowledge or proof of defendant’s friendship is a previous confidential disclosure made while the prosecutor was the Public Defender, the prosecutor should be disqualified and keep confidential such information.