No. 53,980

STATE OF KANSAS, *Appellee,* v. PHILLIP L. LAUGHLIN, *Appellant.*

(652 P.2d 690)

Opinion filed October 22, 1982.

*Jay F. Fowler,* of Foulston, Siefkin, Powers & Eberhardt, of Wichita, argued the cause and was on the brief for the appellant.

*Carl L. Wagner,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, *Clark V. Owens,* district attorney, and *Cris Senseman,* assistant district attorney, were on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal from a conviction of rape (K.S.A. 21-3502). The facts in the case were essentially undisputed, since the victim of the rape testified that defendant raped her in her apartment and defendant presented no evidence to the contrary. The victim was a 37-year-old commercial artist. Defendant was 28. The defendant and his victim had been acquainted for about ten years. She had been his Sunday school teacher and had counseled with him. On January 20, 1981, defendant came by her apartment. They talked for awhile and then defendant compelled her by force to have sexual relations with him. The defendant offered no evidence in the case and he was convicted by the jury. He appeals his conviction.

The first point on the appeal is that the district court erred in failing to disqualify the district attorney, Clark V. Owens, and his entire staff, because the district attorney, while in private practice, had personally represented the defendant in a prior criminal case involving burglary and attempted rape some three years before the present incident. It is the defendant's position that,

because of Owens's representation of the defendant in a prior criminal case, a conflict of interest exists in this case. Defendant argues that the prosecution of the defendant either by Owens or any of the Sedgwick County deputy district attorneys constitutes unprofessional conduct. Defendant then concludes that, because of this conflict of interest, his conviction must be set aside. In support of his position the defendant cites the ABA Standards for Criminal Justice, The Prosecution Function § 1.2 and the Code of Professional Responsibility, DR 5-105(D).

It is undisputed that district attorney Owens did not actually participate in the prosecution of this case. The prosecution was handled by assistant district attorneys. Furthermore, the defendant does not contend that Owens actually influenced the prosecution of the case or revealed any confidential information obtained in the prior representation. The defendant only maintains that, due to the prior representation of the defendant by Owens, a breach of confidence was possible.

A Kansas case involving the disqualification of a prosecutor is *State v. Leigh,* 178 Kan. 549, 289 P.2d 774 (1955). There the trial court, over defendant's objection, permitted Charles F. Forsyth, the county attorney, to appear as counsel for the State in the prosecution of a criminal offense where Forsyth had previously counseled with the defendant and defendant had made a full disclosure of the facts pertinent to his defense in contemplation of the employment of Mr. Forsyth as defense counsel. This occurred prior to Forsyth's election as county attorney.

The Supreme Court reversed the conviction and stated the rule to be as follows:

"An attorney owes to his client fidelity, secrecy, diligence and skill and an attorney cannot undertake to represent conflicting interests or to discharge inconsistent duties which may cause a breach of the trust due his client, no matter how honest may be the attorney's motives or intentions." Syl. ¶ 1.

"An attorney cannot be permitted to participate in the prosecution of a criminal case if, by reason of his professional relations with the accused, he has acquired knowledge of the facts upon which the prosecution is predicated or which are closely interwoven therewith." Syl. ¶ 3.

The rule recognized in *Leigh* is firmly established as a general principle of law throughout the United States. There is an annotation on the subject of disqualification of prosecuting attorneys on account of a relationship with the accused in 31 A.L.R.3d 953. Cases from various jurisdictions are cited in the annotation.

The view generally taken is that the placing of such an inhibition upon the prosecuting attorney is mandatory if confidential information conveyed by the accused in the course of the asserted attorney-client relationship is to be protected from subsequent unlawful disclosure. Accordingly, it has been held that even where no fee has been agreed upon, demanded, or asked, and though the services rendered were gratuitous and the employment never consummated, a prosecuting attorney cannot be permitted to participate in a criminal case if by reason of his professional relations with the accused he has acquired any knowledge of facts upon which the prosecution is predicated, or which are closely related thereto. On the other hand, the cases clearly recognize that there is no such bar to a prosecuting attorney's participation in a criminal case where the evidence fails to establish the existence of those factors assumed by the general rule and upon which its operation necessarily depends.

A case with facts similar to those in this case is *State v. Bryan,* 227 So. 2d 221 (Fla. Dist. Ct. App. 1969). There the question presented for determination was whether a state attorney should be disqualified by the trial court on motion of defendant from prosecuting defendant for the reason that the state attorney had previously been a public defender and his office had previously represented defendant on an unrelated charge approximately four years prior to the crime presently charged. The Florida court held that the state attorney, who had represented the defendant on the unrelated charge, could only be disqualified if it were shown that, as public defender, he had actually gained confidential information from the prior attorney-client relationship with the defendant, which information would be usable in the new matter to the defendant's prejudice.

In *State v. Miner,* 128 Vt. 55, 258 A.2d 815 (1969), an assistant attorney general of Vermont had, prior to his appointment to that position, been a member of a law firm and had assisted in the preparation of the defense of the defendant in the same criminal case under the supervision of a senior associate. The defendant moved the trial court to disqualify the entire attorney general's office from further participation in behalf of the State in the prosecution of the case. The assistant attorney general disqualified himself and all other members of the staff of the office were instructed not to discuss the case with him nor was the assistant

permitted to have access to any file involving the case. The defendant moved to dismiss the indictment, which motion was overruled. The defendant was subsequently tried and found guilty of murder in the first degree. The Supreme Court of Vermont, in holding that no rights of the defendant had been denied, pointed out that the design and force of the disqualification rule is against disclosure, and, where no confidence has been betrayed and the prior attorney-client privilege has been observed, the State is entitled to proceed with the case, free from the disqualifying interest of one of its employees.

A similar holding may be found in *United States v. Caggiano,* 660 F.2d 184 (6th Cir. 1981). There it was held that it was error to disqualify the entire United States attorney's office because of a claimed conflict of interest of one of the assistants who had represented one defendant during the first trial and, during preliminary stages of a defense to a second indictment, had accepted a position as an assistant United States attorney. The trial court in the opinion noted that there is a substantial difference between the relationship of a lawyer in a private law firm and a lawyer representing the government. *Caggiano* cited the ABA Committee on Professional Ethics, Formal Opinion 342, 62 A.B.A.J. 517 (1976), which ruled that other salaried government lawyers in the public prosecutor's office are not disqualified from handling matters in which a new associate was involved in his previous private practice. The court observed that the relationship among lawyers in a governmental agency is different from that of associates in a private law firm. The salaried government employee does not have the financial interest in the success of departmental representation that is inherent in private practice. It also noted that a public prosecutor has a duty to seek just results, not merely to convict. The ABA committee concluded that, when an individual government attorney is separated from any participation in matters affecting his former client, the "vicarious disqualification of a government department is not necessary or wise." In *Caggiano,* the United States Court of Appeals held that it was not necessary to disqualify all members of the office of the United States Attorney and, in reaching that conclusion, it relied in part on the above-mentioned opinion of the ABA Committee on Professional Ethics. For another case in point see *State v. Brown,* 274 So. 2d 381 (La. 1973).

We are convinced that the rule of *State v. Leigh,* 178 Kan. 549, is sound, and that an attorney cannot be permitted to participate in the prosecution of a criminal case if, by reason of his personal relationship with the accused, he has acquired knowledge of the facts upon which the prosecution is predicated or closely interwoven therewith. On the other hand, the disqualification of a prosecutor is not required in a later case because he previously represented the defendant in an entirely separate criminal prosecution in no way related to the charges contained in the later prosecution. In any particular case where the issue is raised, the trial court must determine whether the prosecutor, by reason of his prior professional relationship with the accused, has obtained knowledge of facts upon which the later case is predicated or facts which are closely interwoven therewith. The important consideration is to protect the confidence inherent in the attorney-client relationship and thus to avoid a breach of trust between the client and his attorney. The determination of whether there is a conflict of interest actually present or whether the prior relationship creates an appearance of impropriety lies within the sound discretion of the trial court. *In re Estate of Richard,* 4 Kan. App. 2d 26, 31, 602 P.2d 122 (1979). In the case now before us, the defendant admits that there has been no actual breach of confidence or prejudice shown. We find that the trial court did not abuse its discretion in refusing to disqualify the entire prosecutorial staff of the district attorney's office from participating in the trial of the accused in this case.

We find the other points raised by the defendant on the appeal to be without merit.

The defendant complains that the trial court erred in failing to give defendant's requested instruction on the defense of consent. In *State v. Lee,* 221 Kan. 109, 558 P.2d 1096 (1976), it was held that a special instruction covering the subject of consent is not required in a rape case.

The defendant maintains that the trial court erred in failing to instruct the jury that the State had the burden to prove defendant guilty "beyond a reasonable doubt." The trial court gave PIK Crim. 52.02 (1971) which has been upheld in several Kansas cases where the same issue has been raised. See *State v. Lovelace,* 227 Kan. 348, 607 P.2d 49 (1980), citing cases where PIK Crim. 52.02 has been approved by the court.

Finally, the defendant complains that the evidence was not sufficient to convict. As noted above, the victim testified under oath before the jury as to the forcible rape committed upon her by the defendant. On appeal, the standard of review of a criminal case is whether the appellate court, viewing the evidence in the light most favorable to the prosecution, is convinced a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Reynolds,* 230 Kan. 532, Syl. ¶ 7, 639 P.2d 461 (1982). The evidence in this case clearly meets that standard.

The judgment of the district court is affirmed.

FROMME, J., not participating.