The Honorable Elaine Wells State Representative, Fifty-Ninth District State Capitol, Room 112-S Topeka, Kansas 66612
Dear Representative Wells:
You inquire concerning the constitutionality of K.S.A. 1992 Supp.39-966(d) which states in part:
 "No person licensed to operate an adult care home under the adult care home licensure act, or any agent or employee of such person, shall be designated as a provider of assessment and referral services under this subsection. No person licensed to operate a home health agency which is operated on a proprietary basis, or any agent or employee of such person, shall be designated as a provider of assessment and referral services under this subsection."
Your concern is that the statute unfairly discriminates against these entities because there is no similar prohibition against other entities that may have similar conflicts of interest.
A constitutional analysis requires a review of section 1 of the Kansas bill of rights and the fourteenth amendment to the United States constitution.
The fourteenth amendment provides that no state shall "deprive any person of life, liberty or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." The Kansas counterpart to the fourteenth amendment equal protection clause is found in section 1 which provides:
 "1. Equal Rights. "All men are possessed of equal and inalienable natural rights, among which are life, liberty, and the pursuit of happiness."
An equal protection challenge involving individual, personal or property rights, is addressed by reviewing section 1 of the Kansas bill of rights. Stephens v. Schneider Clinic Ass'n, 232 Kan. 115 (1981).
When a statute is attacked on equal protection grounds, the general rule is that the statute is presumed constitutional, and the burden is on the party attacking the statute to prove otherwise. Gumbhir v. KansasState Board of Pharmacy, 231 Kan. 507 (1982). In reviewing legislative enactments, the court does not judge the merits or the wisdom of the act; the court's limited review of the challenged statute is whether the classification is reasonable, not arbitrary, and is justified by a legitimate state interest. City of Wichita v. White, 205 Kan. 408
(1970).
Classification by its very nature, creates preference to the benefited class. Thus, classification is inherently discriminatory. However, discrimination under proper rules is not prohibited. Farley v. Engelken,241 Kan. 663 (1987).
The United States Supreme Court has utilized varying standards in distinguishing constitutional from unconstitutional classification. It currently recognizes and applies three standards or "levels of scrutiny", in analyzing equal protection claims. The least strict level of scrutiny is the "rational" or "reasonable" basis test. McGowan v.Maryland, 366 U.S. 420 (1961). Under the rational basis test, legislation does not violate the equal protection clause of federal and state constitutions as long as it is reasonably related to a legitimate state interest. Guardian Title Company v. Bell, 248 Kan. 146 (1991). In areas of social welfare, which is the case here, the acts of the state need only a rational basis. Joe Flynn Rare Coins, Inc. v. Stephan,526 F. Supp. 1275 (D.Kan. 1981); Dandridge v. Williams 397 U.S. 471
(1970).
The issue then becomes whether the prohibition in the statute is reasonably related to a legitimate state interest. In order to make this determination, it is necessary to review the legislative history regarding preadmission screenings to adult care homes. On the federal level, the nursing home reform act (P.L. 100-203), passed on December 21, 1987, mandated screening of all persons prior to admission to an adult care home which participated in medicare/medicaid. In addition, the omnibus budget reconciliation act of 1990 [P.L. 101-508, section 4801(b)(4)] amended section 1919 of the federal social security act by prohibiting state authorities from delegating preadmission screening activities to nursing facilities or entities which are affiliated with those facilities.
During the 1991 Kansas legislative session House Bill No. 2566 was introduced which, in its original form, was drafted by the 1990 task force on social and rehabilitation services implementing its recommendation that any individual seeking admission to an adult care home participate in prescreening prior to admission in order to insure that the needs of the individual would be met by an adult care home as opposed to some community based service. During the hearings in the house, there was testimony that adult care home licensees be excluded from participation as screeners because of the conflict of interest involved in licensees having a financial interest in "screening" people into their own facilities. Minutes, House Committee on Public Health and Welfare, January 23, 1992.
The prohibition language of K.S.A. 39-966(d) appeared in House Bill No. 2566 except for the reference to home health agencies. The prohibition language was deleted when the bill was considered by the senate and, ultimately, it died in conference committee.
At approximately the same time, Senate Bill No. 182 (which became K.S.A. 39-966) was making its way through the 1992 legislature. As originally introduced, this bill created additional civil penalties against adult care home licensees for violations of regulations promulgated by the Kansas department of health and environment. The house committee of the whole added the preadmission screening language (found in House Bill No. 2566) and which now appears in K.S.A. 39-966(d). (House Journal p. 2026, April 3, 1992). A second conference committee added the prohibition for persons operating a home health agency on a proprietary basis. (House Journal p. 2711, May 7, 1992).
In light of the legislative history and the federal statutes prohibiting state authorities from allowing nursing facilities to do preadmission screenings because of a perceived conflict of interest, it is our opinion that the Kansas legislature had a reasonable basis upon which to prohibit licensees of adult care homes and proprietary based home health agencies from becoming providers of assessment and referral services. Consequently, the prohibition does not violate the equal protection clause of section 1 of the Kansas bill of rights or thefourteenth amendment to the United States constitution.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm