NOT DESIGNATED FOR PUBLICATION

No. 115,420

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,

*Appellee*,

v.

DONNIE L. TAYLOR,

*Appellant.*

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed March 17, 2017. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Andrew R. Davidson*, assistant district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., POWELL and SCHROEDER, JJ.

LEBEN, J.: Donnie L. Taylor was convicted in a jury trial of felony theft for stealing a digital camera from a pawn shop. He has appealed, arguing that the district court erred by instructing the jury it "should" convict him if it found that the State had proved all elements of the crime beyond a reasonable doubt. Taylor suggests that the court should instead say that the jury "may" convict the defendant under those circumstances. But the word "'should' does not express a mandatory, unyielding duty or

obligation; instead, it merely denotes the proper course of action and encourages following the advised path." *State v. Allen*, 52 Kan. App. 2d 729, Syl. ¶ 5, 372 P.3d 432 (2016), *petition for rev. filed* June 6, 2016. Accordingly, as our court held in *Allen* and other cases, the use of "should" in this instruction is proper. See, *e.g.*, *Allen*, 52 Kan. App. 2d 729, Syl. ¶ 5; *State v. Perez-Medina*, No. 114,589, 2017 WL 262025, at *4-5 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* February 21, 2017. We therefore affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

To place the legal issue on appeal in context, we will first review what happened, both in and out of court.

Terra Nolde was working as an assistant manager at Hutchinson Pawn and Jewelry. She knew Taylor because he was a regular customer. Taylor also had an arrangement with the store that if he cleaned the parking lot, he could take 10 DVDs with management's approval as payment. On February 3, 2015, Taylor approached Nolde and asked about some loans he had at the store. Taylor had her retrieve a toolbox he had pawned so he could see what was inside. Nolde had been handling a red Nikon digital camera worth about $20 that had been pawned by another customer. She had left it in her work station to assist Taylor with the toolbox, which was on the floor.

A few days later, Nolde discovered the camera was missing. She reviewed a security-camera video that suggested Taylor had taken the camera on February 3 while Nolde was distracted. Nolde testified that Taylor did not have permission to take the camera. After she looked at the security-camera video, Nolde called the police.

Officer Lance Crenshaw responded. After speaking with Nolde, Crenshaw learned that Taylor was at another pawn shop, Salt City Pawn. Crenshaw drove to the other store

2

and asked Taylor if he had taken the camera. Taylor replied that he had taken the camera but had done so with permission, though he never identified the person who had given permission. Taylor also told Crenshaw that he still had the camera—but the camera was never recovered.

David Sinnett, the assistant manager of Salt City Pawn, said he recalled Taylor coming into the store trying to pawn a red Nikon digital camera in February 2015. Sinnett declined the camera because the store already had too many in stock. A day or two after Taylor came in, Nolde contacted Sinnett to inquire whether Taylor had come in with a camera, and Sinnett answered yes. Sinnett was unable to remember exactly what date Taylor had come in to the store.

The State charged Taylor with felony theft; the crime was charged as a felony under K.S.A. 2015 Supp. 21-5801(b)(6) because Taylor had two prior convictions for theft. A jury found Taylor guilty, and the district court sentenced Taylor to 16 months in prison with 12 months' postrelease supervision.

Taylor has appealed to this court, raising a single issue regarding the legal instructions the district court gave the jury.

ANALYSIS

Taylor argues that the district court erred when instructing the jury on reasonable doubt and the burden of proof. Taylor complains that the jury instruction kept the jury from exercising its inherent right to disregard the law and evidence to acquit a defendant. He acknowledges that he did not object to the jury instruction before the district court.

When a defendant fails to object to a jury instruction at trial, we apply a more rigorous standard when deciding whether to set aside the jury's verdict and order a new

3

trial. See *State v. Briseno*, 299 Kan. 877, 882, 326 P.3d 1074 (2014). In such cases, an appellate court can reverse only if the jury instruction as given was clearly in error. See K.S.A. 2016 Supp. 22-3414(3). In determining whether an instruction was clearly in error, we first consider whether the district court erred at all, which requires that we review the trial record to determine whether the instruction was legally and factually appropriate. *State v. Williams*, 295 Kan. 506, Syl. ¶ 4, 286 P.3d 195 (2012). If the district court erred, we then consider whether we are "firmly convinced that the jury would have reached a different verdict had the instruction error not occurred." 295 Kan. 506, Syl. ¶ 5.

The jury instruction Taylor challenges was taken from the pattern jury instructions that Kansas trial courts are urged to use. These pattern instructions have been created by a committee whose goal is to provide instructions that are accurate, clear, and uniform. See *Allen*, 52 Kan. App. 2d at 733-34.

Taylor challenges the use of the word "should" in the last sentence of the instruction:

> "The test you must use in determining whether Donnie Taylor is guilty or not guilty is this: If you have a reasonable doubt as to the truth of any of the claims required to be proved by the State, you must find Donnie Taylor not guilty. If you have no reasonable doubt as to the truth of each of the claims required to be proved by the State, you *should* find Donnie Taylor guilty." (Emphasis added.)

The instruction differed from the pattern instruction, PIK Crim. 4th 51.010, only by substituting Taylor's name for the word "defendant."

Taylor argues that the jury instruction was not legally appropriate because it precluded the possibility of jury nullification—the power of the jury "to disregard the rules of law and evidence in order to acquit the defendant based upon the jurors' sympathies, notions of right and wrong, or a desire to send a message on some social

4

issue." See *Allen*, 52 Kan. App. 2d 729, Syl. ¶ 4. He contends that the use of the word "should" rather than "may" requires the jury find the defendant guilty if it finds that all elements of the charged crime were proven beyond a reasonable doubt.

Although Taylor is correct that jurors in a criminal case *may* disregard the rules of law and the evidence in order to acquit a defendant, the proper duty of a jury is to accept the rules of law given to it as instructions, apply those rules to determine whether facts are proven, and deliver a verdict based on those considerations. *State v. McClanahan*, 212 Kan. 208, 217, 510 P.2d 153 (1973). For those reasons, criminal defendants are not entitled to have the jury explicitly instructed on its inherent power of nullification. *State v. Naputi*, 293 Kan. 55, 66, 260 P.3d 86 (2011).

At the same time, the jury instructions cannot forbid a jury from exercising its inherent power of nullification. *State v. Smith-Parker*, 301 Kan. 132, 164, 340 P.3d 485 (2014). In *Smith-Parker*, the relevant jury instruction read: "'If you do not have a reasonable doubt from all the evidence that the State has proven murder in the first degree on either or both theories, then you *will* enter a verdict of guilty.'" 301 Kan. at 163. The *Smith-Parker* court held that the instruction went too far and "essentially forbade the jury from exercising its power of nullification." 301 Kan. at 164. The court concluded that the use of "must" or "will" amounted to a directed a verdict for the State, noting that "[a] judge cannot compel a jury to convict, even if it finds all elements proved beyond a reasonable doubt." 301 Kan. at 164.

In his brief, Taylor discusses *State v. Lovelace*, 227 Kan. 348, 354, 607 P.2d 49 (1980), *overruled in part by Smith-Parker*, 301 Kan. 132, where our Supreme Court held that the words "must" and "should" were interchangeable in a reasonable doubt instruction, as "[b]oth convey a sense of duty and obligation." At the time, the pattern jury instruction used the word "should" in the instruction. 227 Kan. at 354. *Smith-Parker* discussed *Lovelace*'s holding and overruled it, concluding that the use of "must" in

*Lovelace* and the use of "will" in *Smith-Parker* "fly too close to the sun of directing a verdict for the State." 301 Kan. at 164. In essence, the *Smith-Parker* court concluded that "must" was much closer in meaning to the term "will" than the term "should." See 301 Kan. at 164; *State v. Benewiat*, No. 114,676, 2017 WL 66355, at *7 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* February 6, 2017. In our view, the holding in *Smith-Parker* suggests that the use of "should" in a reasonable doubt jury instruction is appropriate. See *Smith-Parker*, 301 Kan. at 164; *Benewiat*, 2017 WL 66355, at *7.

Taylor acknowledges that our court has held in several cases that the jury instruction at issue is proper. See, *e.g.*, *Allen*, 52 Kan. App. 2d 729, Syl. ¶ 5; *Perez-Medina*, 2017 WL 262025, at *4-5; *State v. Cuellar*, No. 112,535, 2016 WL 1614037, at *1-2 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* May 23, 2016; *State v. Jones*, No. 111,386, 2015 WL 4716235, at *6 (Kan. App. 2015) (unpublished opinion), *rev. denied* 303 Kan. 1080 (2016). Nevertheless, Taylor maintains that the panels have wrongly decided this issue because "should" is the past tense of "shall," and "shall" is, by definition, a command or an indication that something is mandatory. But his argument is off the mark when applied to this jury instruction.

Taylor is right that one can use "should" as the past tense of "shall." For example, let's assume that John says, "I shall go." If you report that to someone else, you would say, "John said that he should go." That's because of sequence-of-tense rules: If you introduce what someone said with a past-tense verb (like "said"), the rest of the sentence reflects the past tense too, so the present-tense "shall" switches to the past-tense "should." After all, unless you're doing a play-by-play broadcast, whatever you're reporting about has occurred in the past. (A retired journalism professor, Malcolm Gibson, has a great summary of sequence-of-tense rules at web.ku.edu/~edit/sequence.html.)

The use of should as the past tense of shall seems odd to many; at least when we speak, we don't use shall much at all, let alone need to use should as its past tense. But

"should" isn't being used as the past tense of "shall" in the jury instruction Taylor is complaining about. Instead, as is often the case, the "should" in the instruction simply reflects a lesser degree of duty than "shall." See Black's Law Dictionary 558 (10th ed. 2014) (noting that a directory requirement, which is an action that is advisable but not mandatory, "is frequently introduced by the word 'should'"); Black's Law Dictionary 1585 (10th ed. 2014) (noting that while "shall" properly means a mandatory requirement, it is sometimes interpreted to mean "should," a lesser duty); Garner's Modern Legal Usage 952-55 (3d ed. 2011). As the *Allen* panel recognized, "Unlike the words 'must,' 'shall,' and 'will,' the word 'should' does not express a mandatory, unyielding duty or obligation; instead, it merely denotes the proper course of action and encourages following the advised path." 52 Kan. App. 2d 729, Syl. ¶ 5. Likewise, in *State v. Singleton*, No. 112,997, 2016 WL 368083, at *6 (Kan. App.) (unpublished opinion), *rev denied* 305 Kan. ___ (December 21, 2016), a panel of this court emphasized that "should" is advisory, explaining:

> "[A]s every teacher instructing a class knows, and as every parent admonishing a child knows, should is less of an imperative than must or will. [Citation omitted.] Nutritionists urge that we all should eat our vegetables. But that does not constitute a directive to have recalcitrant diners force-fed their vegetables if they do not comply. . . . Should as used in this instruction is not the equivalent of 'must' or 'will'. . . . *Should* is advisory. It is not an imperative."

To sum up, the jury instruction on reasonable doubt and the burden of proof did not impermissibly direct a verdict for the State or take away the jury's inherent power of nullification. The district court committed no error by giving the jury instruction.

We therefore affirm the district court's judgment.