NOT DESIGNATED FOR PUBLICATION

No. 120,251

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICHARD E. TIMMONS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed May 15, 2020. Affirmed in part, sentence vacated, and remanded with directions.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., POWELL and SCHROEDER, JJ.

PER CURIAM: Richard E. Timmons appeals his conviction and sentencing for distribution of heroin in violation of K.S.A. 2016 Supp. 21-5705(a)(1). On appeal, Timmons argues that the district court committed two jury instruction errors. First, he argues that the district court erred by instructing the jury that it "should" convict Timmons if it found all the State's claims true beyond a reasonable doubt. Second, Timmons argues that the court erred by placing on the verdict form the option of guilty before the option of not guilty. Finally, Timmons argues that the district court erred at sentencing by classifying his prior conviction for attempted failure to register as a drug

1

offender as a person felony when it should have been classified as a nonperson felony. Because the district court erred only in classifying Timmons' prior conviction as a person felony, we affirm his conviction but vacate his sentence and remand for resentencing.

In December 2016, undercover Wichita Police Detective Stephanie Neal purchased heroin from Timmons. The State charged Timmons with distribution of heroin in violation of K.S.A. 2016 Supp. 21-5705(a)(1). At a trial before a jury, Neal testified that an informant took her to a house where Timmons was staying and where the sale took place. Neal testified that she gave Timmons $150 for a baggie filled with heroin. Neal then field tested the substance and confirmed it was heroin. Neal then packaged and sent the substance to a forensic science lab, which confirmed that the substance was heroin. The jury convicted Timmons of one count of distribution of heroin.

At sentencing, Timmons objected to the calculation of his criminal history score. He argued that his prior conviction for attempted failing to register as a drug offender should not be counted as a person felony in scoring his criminal history. Timmons contended that this prior conviction should be scored as a nonperson felony. The district court denied the objection. And the district court sentenced Timmons to 40 months in prison.

Timmons timely appeals his conviction and sentencing.

*Did the District Court Err By Instructing the Jury That It "Should" Convict Timmons If It Found All of the State's Claims True Beyond a Reasonable Doubt?*

> "When analyzing jury instruction issues, we follow a three-step process: '(1) determining whether the appellate court can or should review the issue, *i.e.*, whether there is a lack of appellate jurisdiction or a failure to preserve the issue for appeal; (2) considering the merits of the claim to determine whether error occurred below; and (3) assessing whether

2

the error requires reversal, *i.e.*, whether the error can be deemed harmless.' [Citation omitted.]" *State v. McLinn*, 307 Kan. 307, 317, 409 P.3d 1 (2018).

At the second step, appellate courts consider whether the instruction was legally and factually appropriate. *McLinn*, 307 Kan. at 318. Appellate courts use unlimited review to determine whether an instruction was legally appropriate. *State v. Johnson*, 304 Kan. 924, 931-32, 376 P.3d 70 (2016).

Our Supreme Court "strongly recommend[s] the use of PIK instructions, which knowledgeable committees develop to bring accuracy, clarity, and uniformity to instructions." *State v. Butler*, 307 Kan. 831, 847, 416 P.3d 116 (2018).

The first step in this inquiry concerns preservation, which is not contested. Defense counsel here posed an objection to the instruction at the jury instruction conference. Thus, this issue is preserved.

Timmons argues that it was not legally appropriate for the district court to give the jury the following instruction:

> "The State has the burden to prove the defendant is guilty. The defendant is not required to prove he is not guilty. You must presume that he is not guilty unless you are convinced from the evidence that he is guilty.
> ". . . If you have a reasonable doubt as to the truth of any of the claims required to be proved by the State, you must find the defendant not guilty. If you have no reasonable doubt as to the truth of each of the claims required to be proved by the State, you should find the defendant guilty."

Timmons objected to the use of the word "should" in the final sentence, arguing instead that the jury should have been told that they "may" find the defendant guilty if the

State proves every element of the charge. Timmons bases his argument on the jury's power of nullification.

Specifically, Timmons relies on our Supreme Court's holding in *State v. Smith-Parker*, 301 Kan. 132, 163-64, 340 P.3d 485 (2014), *overruling State v. Lovelace*, 227 Kan. 348, 354, 607 P.2d 49 (1980). In *Smith-Parker*, the court considered a jury instruction that told the jury the following: "'If you do not have a reasonable doubt from all the evidence that the State has proven murder in the first degree on either or both theories, then you *will* enter a verdict of guilty.'" 301 Kan. at 163. The *Smith-Parker* court compared this instruction to an instruction in the earlier *Lovelace* case. The instruction at issue in *Lovelace* told the jury that if the State proved its case beyond a reasonable doubt, then the jury "must" convict. The *Smith-Parker* court decided that telling a jury that they either "must" or "will" convict would "fly too close to the sun of directing a verdict for the State." 301 Kan. at 164. For that reason, the *Smith-Parker* court rejected both the use of the word "will" and the earlier *Lovelace* court's approval of the word "must."

Timmons argues that the *Smith-Parker* court rejected both the words "will" and "must" and would likely view instructing a jury that they "should" convict to be an overreach as well. For this premise, Timmons relies on language from the now-overruled *Lovelace*, stating that the words "must" and "should" can be used interchangeably in criminal instructions. 227 Kan. at 354. Timmons argues that if the words "must" and "should" are the same, then the *Smith-Parker* opinion discarding the word "must" would also mean retaining the word "should" would also be unacceptable. According to Timmons, the appropriate wording would require the court to instruct the jury that they "may" convict if the State proves its case beyond a reasonable doubt.

But Timmons misreads *Smith-Parker*. The *Smith-Parker* court rejected the use of the words "must" and "will," but it did not reject the use of the word "should." For example, the instruction that Smith-Parker argued for was the following: "If you have no

4

reasonable doubt as to the truth of each of the claims required to be proved by the State, you *should* find the defendant guilty." 301 Kan. at 163. And, thus, the *Smith-Parker* court approved of the word "should" being used in this instance. In short, Timmons misstates precedent on this point.

Timmons attempts to bolster his argument by citing to Merriam-Webster for the definitions of "should" and "must." In doing so, he argues that both words convey a sense of moral obligation. Timmons, however, acknowledges that the word "should" may convey less of an obligation than the word "must." He still argues that the word "should" conveys an obligation. And he also contends that a jury never has an obligation to convict. To that end, Timmons maintains that proof beyond a reasonable doubt merely authorizes a jury to convict. So, he argues that the jury is never obligated to convict because of the power of jury nullification. Timmons then contends, without citation to any authority, that "a trial judge has no business advising a jury on a 'proper course of action' with regard to a guilt determination." Also, Timmons contends that a trial judge should not "'encourage' a jury down an 'advised path'" regarding a guilt determination.

On the other hand, the State counters Timmons' contentions with binding precedent from our Supreme Court. First, the State quotes the following from *State v. McClanahan*, 212 Kan. 208, Syl. ¶ 3, 510 P.2d 153 (1973): "[I]t is the proper function and duty of a jury to accept the rules of law given to it in the instructions by the court, apply those rules of law in determining what facts are proven and render a verdict based thereon." Then, the State argues that the jury can neither be instructed that they have the power of nullification, nor instructed that they are forbidden from nullifying. See *State v. Boothby*, 310 Kan. 619, 630-31, 448 P.3d 416 (2019) (holding that an instruction is erroneous if it forbids the jury from exercising its power of nullification); *State v. Naputi*, 293 Kan. 55, 66, 260 P.3d 86 (2011) (holding that "an instruction enabling the power of jury nullification could not survive because it undermined the traditional functions of the court and the jury").

Next, the State argues that this court has already rejected Timmons' argument on this point. According to the State's reading of *State v. Allen*, 52 Kan. App. 729, 735-36, 372 P.3d 432 (2016), this court found itself bound by our Supreme Court's precedents. The State points out that *Allen* reviewed our Supreme Court's holdings in *McClanahan*, *Naputi*, and *Smith-Parker* before applying these precedents. The State here asks us to apply the principle of stare decisis and stand by our decision in *Allen*. Alternatively, the State argues that use of the term "should" in the instruction would result only in harmless error.

We conclude that the State's reading of *Allen* is correct. The instruction in *Allen* reads as follows: "If you have no reasonable doubt as to the truth of each of the claims required to be proved by the State, you *should* find the defendant guilty." 52 Kan. App. 2d at 733. The language contested in *Allen* is identical to the language Timmons challenges here. This is not a coincidence. Both instructions mirror PIK Crim. 4th 51.010. As this court stated in *Allen*, although the use of PIK instructions is not required, it is strongly recommended. This is because PIK instructions have been developed by a knowledgeable committee to bring accuracy, clarity, and uniformity to jury instructions. "Absent a particular need under the facts of a case to alter . . . PIK instructions, they should be followed." *State v. Acevedo*, 49 Kan. App. 2d 655, 663, 315 P.3d 261 (2013). This court in *Allen* then reviewed our Supreme Court's precedents on the issue of instructing a jury on its inherent power of nullification, balanced against the danger of directing a jury to convict. See *Allen*, 52 Kan. App. 2d at 734-35. Finally, this court concluded its review of precedent in *Allen* by pointing out that we rejected this same argument in several unpublished opinions. 52 Kan. App. 2d at 735.

Since our opinion in *Allen*, PIK Crim. 4th 51.010 has not changed. The only change in our Supreme Court's precedent has been reiteration of the recommendation to follow the language of the PIK. *State v. Butler*, 307 Kan. 831, 847, 416 P.3d 116 (2018)

6

(strongly recommending "the use of PIK instructions, which knowledgeable committees develop to bring accuracy, clarity, and uniformity to instructions"). For these reasons, we conclude that no error occurred in the use of the word "should" in the challenged jury instruction and affirm the district court.

*Did the District Court Err By Giving the Jury a Verdict Form Which Placed the Option for Guilty Before the Option for Not Guilty?*?

As with Timmons' previous argument, the parties only contest whether the instruction is legally appropriate. Thus, we exercise unlimited review. *Johnson*, 304 Kan. at 931-32.

During the jury instruction conference, Timmons requested that "not guilty" be listed on the verdict form first, with "guilty" coming after. The district court overruled this objection. Thus, Timmons' objection is preserved for appeal.

On appeal, Timmons argues that the Sixth and Fourteenth Amendments to the United States Constitution guarantee a fair trial and the presumption of innocence is part of that right. And so Timmons argues that the placement of the options of "guilty" and "not guilty" must comply with the presumption of innocence. Thus, Timmons argues that the "not guilty" option should have been placed first on the verdict form.

As with Timmons' previous argument, the challenged instruction given by the district court conforms to the applicable PIK instruction. Timmons acknowledges this conformity. Timmons also acknowledges that our Supreme Court's precedent has approved the placing of the "guilty" option before the "not guilty" option on the verdict form. Still, Timmons argues that the presumption of innocence is such a fundamental principle that there is no reason the district court should have followed the PIK instruction.

7

Specifically, Timmons discusses *State v. Wesson*, 247 Kan. 639, 652-53, 802 P.2d 574 (1990). There, Wesson argued that "guilty" should not be placed first, for the same reasons Timmons asserts here: the presumption of innocence. Yet, our Supreme Court rejected Wesson's argument. Also, our Supreme Court reiterated its *Wesson* holding in *State v. Wilkerson*, 278 Kan. 147, 159, 91 P.3d 1181 (2004).

Nevertheless, Timmons reargues the matter. He contends that *Wesson* was wrongly decided, arguing that our Supreme Court was wrong to say that the "purpose of a trial is to determine if the accused is guilty." 247 Kan. at 652. Timmons argues instead that "[t]he purpose of the jury trial . . . is to prevent oppression by the Government," quoting *Williams v. Florida*, 399 U.S. 78, 100, 90 S. Ct. 1893, 26 L. Ed. 2d 446 (1970). Timmons thus maintains that our Supreme Court in *Wesson* incorrectly put the focus on a determination of guilt instead of innocence.

The State counters Timmons' arguments by citing to our Supreme Court precedent in *Wesson* and *Wilkerson*. The State also points to this court's unpublished opinions that rely on *Wesson* and reject the argument that the "not guilty" option should be listed before the "guilty" option. See *State v. Vargas*, No. 119,741 2019 WL 5485179, at *5 (Kan. App. 2019) (unpublished opinion) (holding "Not only do we believe the decision in *Wesson* to be correct but we also are duty bound . . . to follow the precedent of our Supreme Court . . . ."); *State v. Pack*, No. 110,467, 2015 WL 1513974, at *5 (Kan. App. 2015) (unpublished opinion). In any event, the State argues that any error resulting from placing the "guilty" option before the "not guilty" option on the jury verdict form is harmless.

We are duty-bound to follow our Supreme Court's precedent absent some indication that our Supreme Court is departing from its previous position. *State v. Vrabel*, 301 Kan. 797, 809-10, 347 P.3d 201 (2015). For nearly 30 years, both our Supreme Court

8

and this court have applied the holding in *Wesson* for the order of the "guilty" and "not guilty" options on verdict forms. We have no reason to conclude that our Supreme Court will retreat from its holding in *Wesson* on this issue. *Vargas*, 2019 WL 5485179, at *5. For this reason, we affirm the district court's use of the PIK jury verdict form at trial.

*Did the District Court Err By Classifying Timmons' Prior Conviction For Failure to Register as a Person Felony?*

Whether a prior conviction should be classified as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Keel*, 302 Kan. 560, 571-72, 357 P.3d 251 (2015).

In 2010, Timmons was convicted of attempted failure to register as a drug offender, contrary to K.S.A. 22-4903. When this offense was committed, failure to register was a person felony. K.S.A. 22-4903(a). But here, Timmons committed his current crime of conviction in December 2016. By that time, the Legislature had amended the statute such that a conviction would count as a person or nonperson felony based on the underlying crime for which the defendant was required to register. K.S.A. 2016 Supp. 22-4903(c)(1); see K.S.A. 2016 Supp. 21-5705(d). Timmons argues that this timeline affects his criminal history because his 2010 conviction should be classified as a nonperson felony.

Timmons notes that our Supreme Court in *Keel* held that "the classification of a prior conviction or juvenile adjudication as a person or nonperson offense for criminal history purposes under the KSGA is determined based on the classification in effect for the comparable Kansas offense at the time the current crime of conviction was committed." 302 Kan. at 590. As a result, Timmons argues that the district court improperly classified Timmons' prior conviction by scoring it as a person felony under

the statute in effect in 2009. And so Timmons contends that it should have been classified as a nonperson felony because that was its classification in 2016 when he committed the current crime of conviction.

The State concedes the correctness of Timmons' argument. Timmons' underlying offense, which he was required to register for, was distribution of cocaine. In 2016, distribution of cocaine was classified as a nonperson felony. See K.S.A. 2016 Supp. 21-5705(d). In 2016, the failure to register was "designated as a person or nonperson crime in accordance with the designation assigned to the underlying crime for which the offender is required to be registered." K.S.A. 2016 Supp. 22-4903(c)(2). Thus, the State concedes that Timmons is entitled to be resentenced with his attempted offender registration violation rescored as a nonperson felony.

Our Supreme Court's decision in *Keel* clarified that the proper classification of prior convictions would be the classification when the current crime of conviction occurred. For this reason, we vacate his sentence and remand to the district court for resentencing.

Affirmed in part, vacated in part, and remanded to the district court with directions.