NOT DESIGNATED FOR PUBLICATION

No. 115,181

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM PORTER SWOPES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; MARK S. BRAUN, judge. Opinion filed March 17, 2017. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Michael Blackburn*, legal intern, *Jodi Litfin*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON and BRUNS, JJ.

*Per Curiam*: William P. Swopes appeals from his convictions and sentence for eluding police, interfering with police officers, and burglary. On appeal, Swopes contends that the district court erred by improperly admitting hearsay testimony into evidence, by preventing jury nullification, and by improperly using his criminal history to increase his sentence. We find that any error committed by the district court regarding the admission of hearsay evidence was harmless, that the district court did not prevent the exercise of jury nullification, and that the district court did not err in using Swopes' criminal history score to calculate his sentence. Thus, we affirm.

1

On December 31, 2014, officers of the Topeka Police Department conducted a driver's license checkpoint. A black Mazda approached the checkpoint and accelerated through it without stopping. Police later identified the driver as Swopes. The car sped past two officers who were parked a short distance away from the checkpoint in a marked patrol car. The officers—who activated their emergency lights and siren—began chasing the car. Another officer—who also activated his emergency lights and siren—joined in the chase.

During the chase, Swopes ignored stop signs, nearly caused an accident, and travelled at high rates of speed. At some point, Swopes abandoned the car in the middle of the street and attempted to flee on foot. As he fled, Swopes jumped a fence, ran into a private yard, and entered a garage. Officers then surrounded the garage, and a K9 unit arrived shortly thereafter. After police arrested Swopes, officers discovered that the Mazda had been reported stolen. Furthermore, officers found a license plate on the back seat of the car that was registered to a different vehicle that did not belong to Swopes.

On January 5, 2015, the State charged Swopes with five counts: (1) eluding police, in violation of K.S.A. 2014 Supp. 8-1568(b)(1); (2) interference with law enforcement, in violation of K.S.A. 2014 Supp. 21-5904(a)(3) and (b)(5)(A); (3) theft— $1,000 to $24,999, in violation of K.S.A. 2014 Supp. 21-5801(a)(1) and (b)(3); (4) criminal trespass in violation of K.S.A. 21-5808(a)(1)(B); and (5) theft—less than $1,000, in violation of K.S.A. 21-5801(a)(1) and (b)(4). Subsequently, the State amended its complaint by dropping count 3. In addition, the State amended count 4 to burglary of a building not used as a dwelling, in violation of K.S.A. 21-5807(a).

On June 15, 2015, the district court held a pretrial hearing. At the hearing, the State raised the issue of whether offering testimony about the Mazda being stolen would

be admissible. The following day, the State filed a memorandum of law regarding the admission of evidence, arguing that the district court should allow the State to offer evidence at trial that the Mazda was stolen and that the defendant was in possession of stolen property.

A 2-day jury trial commenced on August 4, 2015. Prior to the presentation of evidence, the district court addressed the evidentiary issue outside the presence of the jury. The State informed the district court that it intended only to offer testimony that the Mazda was reported stolen. Swopes responded that testimony about the Mazda being reported stolen would be hearsay because the owner of the car was unavailable as a witness. Swopes further argued that the district court should exclude the evidence under K.S.A. 2015 Supp. 60-455. The district court ruled limited testimony regarding the car being reported as stolen did not constitute K.S.A. 2015 Supp. 60-455 evidence.

The State offered the testimony of eight witnesses and introduced eight exhibits into evidence. On the second day of trial, the State presented the testimony of the owner of the license plate found on the back seat of the car Swopes was driving at the time of the chase. She testified that her license plate was missing and that she had reported it to the police. The State also presented the testimony of Officer Jesse Lowe. The State asked Officer Lowe about the Mazda's VIN number, and he stated the car had being reported as stolen. Swopes' attorney objected to the testimony as hearsay evidence, and the district court overruled the objection. After the district court overruled the objection, the State continued questioning Officer Lowe but the fact the car was reported stolen was not mentioned again.

After Officer Lowe testified, the State rested and Swopes exercised his right not to present any evidence. Following deliberation, the jury found Swopes not guilty on the charge of misdemeanor theft. However, it found him guilty on the three other charges. Prior to sentencing, Swopes filed a motion for a durational departure, which the district

3

court denied. The district court then sentenced Swopes to a controlling sentence of 27 months' imprisonment. Thereafter, he timely filed a notice of appeal.

ANALYSIS

*Hearsay Evidence*

On appeal, Swopes contends that Officer Lowe's testimony that the car Swopes drove during the chase was reported stolen constitutes inadmissible hearsay evidence. In support of this contention, Swopes cites *State v. Cox*, 258 Kan. 557, 571-73, 908 P.2d 603 (1995). The State concedes in its brief "that this statement was inadmissible" but argues that any error in allowing the testimony was harmless. As such, we will turn to the question of whether the admission of this evidence constitutes harmless error.

K.S.A. 2016 Supp. 60-261 provides that "[u]nless justice requires otherwise, no error in admitting or excluding evidence . . . is ground for granting a new trial, for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." See *State v. Longstaff*, 296 Kan. 884, 895, 299 P.3d 268 (2013). The reviewing court must assess the effect of that error under the constitutional harmless error standard:  whether the party benefiting from the error proves beyond a reasonable doubt that the error would not or did not affect the outcome of the trial in light of the entire record. *State v. Santos-Vega*, 299 Kan. 11, 24, 321 P.3d 1 (2014). Thus, the State must prove beyond a reasonable doubt that the admission of the testimony regarding the car having been reported stolen did not affect the outcome of Swopes' trial.

As the State notes in its brief, the jury convicted Swopes of three offenses: eluding, interference with police, and burglary. A review of the record reveals that there

was substantial evidence presented at trial in support of the elements of each of the charges on which the jury convicted Swopes. Multiple witnesses testified that Swopes accelerated through the checkpoint, was being pursued by multiple marked police vehicles with their lights and sirens on, drove at a high rate of speed, ignored traffic control devices, ignored all warnings to stop, abandoned the car in the middle of the street, ran away from the police on foot, and hid in a garage. The evidence in the record also reveals that Swopes broke into the garage without permission. Accordingly, because the State has shown the any error in admission of hearsay evidence did not affect the outcome of the trial in light of the entire record, we find the error to be harmless.

*Jury Nullification*

Swopes next contends that the district court prevented the jury from exercising the power of jury nullification at several points during trial. Specifically, Swopes argues the district court erred by instructing "the jury that it could not exercise [the] right to jury nullification." However, a review of the record reveals that the district court did not even mention jury nullification—much less tell the jury that it could not exercise the right to that power. Rather, it appears that Swopes is actually asserting that the district court inappropriately instructed the jury regarding the role of the court and the jury as well as the State's burden of proof, which persuaded the jury not to exercise jury nullification.

Specifically, Swopes first cites to Instruction No. 6, which the district court took directly from PIK Crim. 4th 51.010. This instruction states, in part, that "[i]f you have a reasonable doubt as to the truth of any of the claims required to be proved by the State, you must find the defendant not guilty. If you have no reasonable doubt as to the truth of each of the claims required to be proved by the State, you should find the defendant guilty." In addition, Swopes points out that the district court also quoted this language during voir dire as it was explaining the phases of a criminal trial to the jury.

5

Swopes further cites to the preliminary instructions the district court gave to the jury regarding the distinction between the roles of a judge and a jury. In addition to telling the jurors that they should keep an open mind and base their decision only on the evidence presented during the trial, the district court stated: "As a juror, it's your duty to hear the evidence and to determine the facts from that evidence. You are the obliged to apply the law as given to the facts as you find them, and thus to arrive at your verdict." We note that this preliminary instruction is similar to the one found at PIK Crim. 4th 50.040 as well as to the language of K.S.A. 22-3403(3).

Because Swopes did not object to these instructions at trial, we review them under a clearly erroneous standard. *State v. Barber*, 302 Kan. 367, 377, 353 P.3d 1108 (2015). When determining whether an instruction is clearly erroneous, we engage in a two-step analysis. First, we consider whether any error occurred, which requires employing an unlimited review of the entire record to determine whether the instruction was legally and factually appropriate. Second, if we find error, we must assess whether we are firmly convinced that the jury would have reached a different verdict without the error. *State v. Clay*, 300 Kan. 401, 408, 329 P.3d 484 (2014). The party claiming that an instruction is clearly erroneous has the burden to establish the degree of prejudice necessary for reversal. *State v. Williams*, 295 Kan. 506, Syl. ¶¶ 4, 5, 286 P.3d 195 (2012).

As found by this court in *Silvers v. State*, 38 Kan. App. 2d 886, 888, 173 P.3d 1167, *rev. denied* 286 Kan. 1180 (2008), jury nullification is:

> "'A jury's knowing and deliberate rejection of the evidence or refusal to apply the law either because the jury wants to send a message about some social issue that is larger than the case itself or because the result dictated by law is contrary to the jury's sense of justice, morality, or fairness.' [Citation omitted.]"

Of course, nullification is always a possibility because there is nothing prohibiting a jury from acquitting a defendant if it desires to do so. However, the Kansas Supreme

6

Court has expressly disapproved of the use of a jury nullification instruction that tells jurors that they "may do what they think is fair" or that they are entitled to act upon their conscientious feelings as to a fair outcome and to acquit the defendant if they believed justice required such a result. See *State v. Naputi*, 293 Kan. 55, Syl. ¶ 4, 65-67, 260 P.3d 86 (2011); *State v. McClanahan*, 212 Kan. 208, Syl. ¶ 3, 510 P.2d 153 (1973). On the other hand, jury instructions cannot forbid a jury from exercising its power of nullification nor can they "compel a jury to convict, even if it finds all elements proved beyond a reasonable doubt." *State v. Smith-Parker*, 301 Kan. 132, 164, 340 P.3d 485 (2014).

Here, the district court properly instructed the jury about its role and the burden of proof. In particular, the district court's instructions regarding the function and duty of a jury are consistent with K.S.A. 22-3403(3), which states: "When the trial is to a jury, questions of law shall be decided by the court and issues of fact shall be determined by the jury." Likewise, the district court's instructions are consistent with K.S.A. 2014 Supp. 60–247(d), which provides that "[t]he jurors must swear or affirm to try the case conscientiously and return a verdict according to the law and the evidence."

Furthermore, numerous opinions of this court have rejected the argument that the use of the word "should" in the burden of proof instruction found at PIK Crim. 4th 51.010 somehow prohibits a jury from exercising the power of nullification. See *State v. Allen*, 52 Kan. App. 2d 729, 733-36, 372 P.3d 432 (2016); *State v. Cuellar*, No. 112,535, 2016 WL 1614037, at *1-2 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* May 23, 2016; *State v. Hastings*, No. 112,222, 2016 WL 852857, at *4-5 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* April 1, 2016; *State v. Singleton*, No. 112,997, 2016 WL 368083, at *4-6 (Kan. App.) (unpublished opinion), *rev. denied* December 21, 2016; *State v. Jones*, No. 111,386, 2015 WL 4716235, at *5-6 (Kan. App. 2015) (unpublished opinion), *rev. denied* 303 Kan. 1080 (2016). As can be seen from a review of these cases, our court has consistently found that the burden of proof

instruction "'does not upset the balance between encouraging jury nullification and forbidding it. . . . [U]nlike the words must, shall, and will, the word should does not express a mandatory, unyielding duty or obligation; instead, it merely denotes the proper course of action and encourages following the advised path.' *Hastings*, 2016 WL 852857, at *4." *Allen*, 52 Kan. App. 2d at 735. Accordingly, we conclude that the district court did not err in instructing the jury either prior to or at the conclusion of the trial.

*Criminal History Score*

Finally, Swopes contends that the district court erred in calculating his criminal history score. He argues that the use of his criminal history to calculate his sentence under the sentencing guidelines is unconstitutional because the State did not prove his past convictions to a jury in this case. See *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Our Supreme Court has rejected this argument. *State v. Ivory*, 273 Kan. 44, 46-47, 41 P.3d 781 (2002) (holding that *Apprendi* does not require proving a prior conviction to a jury beyond a reasonable doubt). Moreover, we are duty bound to follow Supreme Court precedent absent some indication the court is departing from its previous position. *State v. Singleton*, 33 Kan. App. 2d 478, 488, 104 P.3d 424 (2005). Accordingly, seeing no indication that our Supreme Court is departing from its previous position, Swopes' *Apprendi* challenge fails.

Affirmed.