NOT DESIGNATED FOR PUBLICATION

No. 115,995

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ARMANDO J. ORTIZ, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; JEFFRY J. LARSON, judge. Opinion filed August 4, 2017. Affirmed.

*Chase L. Miller*, of Miller & Miller, Chtd., of Emporia, for appellant.

*Carissa Brinker*, assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., MALONE, J., and HEBERT, S.J.

*Per Curiam*:  Armando J. Ortiz appeals from his conviction of possession of methamphetamine resulting from a bench trial before the district court.  He claims that the evidence was insufficient to prove that he knowingly possessed methamphetamine.

We find that the evidence, albeit circumstantial, supports the verdict and the conviction is affirmed.

1

*Factual and Procedural Background*

On June 23, 2015, Lyon County Deputy Heath Samuels made contact with Jeff Main, a resident of 113 South Mechanic Street in Emporia. Main told the deputy that a red car parked on his property was not his, that he had never seen it before, and that he did not know whose car it was. Main advised Deputy Samuels that he had not given anyone permission to park on his property and requested the car be removed. Deputy Samuels called a towing company and also ran a record check on the vehicle plates which revealed that the vehicle was registered to Ortiz.

While the towing company was on the scene preparing to tow the vehicle, Ortiz approached Deputy Samuels and asked if he was being issued a parking ticket. Deputy Samuels had observed Ortiz exit from 114 South Commercial Street which was just across an alley from where the vehicle was parked. Deputy Samuels observed that Ortiz had not taken a direct path from 114 Commercial to 113 Mechanic; instead he had walked around the block. Deputy Samuels testified at trial that he believed that Ortiz was attempting to make him think that he was coming from somewhere else.

Deputy Samuels searched the vehicle. When Deputy Samuels entered the vehicle, he smelled the odor of marijuana and asked Ortiz about the odor. Ortiz told him there was a small "roach" in the vehicle. Deputy Samuels found a black bag that contained mail addressed to Ortiz, a hand-rolled marijuana cigarette, and a pen casing that the deputy believed was used to snort methamphetamine. When Deputy Samuels asked him about the pen casing, Ortiz claimed that he did not recognize it and that he did not know what it was.

Brad Crow, a forensic scientist with the Kansas Bureau of Investigation (KBI), tested the hand-rolled cigarette and pen casing. The hand-rolled cigarette tested positive for tetrahydrocannabinol, the active chemical in marijuana. The pen casing was a solid

2

color, but the inside could be seen by holding it up to the light and looking through it; it had residue inside it which tested positive for methamphetamine.

The State charged Ortiz with possession of marijuana, a class A nonperson misdemeanor; possession of drug paraphernalia, a class A nonperson misdemeanor; and possession of methamphetamine, a severity level 5 drug felony.

The district court conducted a bench trial at which Main, Deputy Samuels, and Crow testified for the State. Ortiz testified he had taken the black bag from a storage box that was in a shed at his house. He claimed he never searched the bag, he was never fully aware of its contents, and he was not aware the pen casing was in the bag. The State did not cross-examine Ortiz.

After hearing the testimony, the district court noted that "[i]t really comes down to the credibility of the defendant in this case." The court found Ortiz guilty on all counts. Based on Ortiz's criminal history score of B, the court imposed a presumptive prison sentence of 32 months with 12 months' postrelease supervision. Ortiz timely filed this appeal.

*The evidence is sufficient to support the conviction.*

Ortiz argues on appeal that the State failed to produce sufficient evidence that he *knowingly* possessed methamphetamine and that he had offered evidence to the contrary.

"'When the sufficiency of evidence is challenged in a criminal case, this court reviews the evidence in a light most favorable to the State to determine whether a rational fact-finder could have found the defendant guilty beyond a reasonable doubt.' [Citation omitted.]" *State v. Rosa*, 304 Kan. 429, 432-33, 371 P.3d 915 (2016). "'In making a sufficiency determination, the appellate court does not reweigh evidence, resolve

evidentiary conflicts, or make determinations regarding witness credibility. [Citations omitted.]'" *State v. Dunn*, 304 Kan. 773, 822, 375 P.3d 332 (2016).

A verdict may be supported by circumstantial evidence if such evidence provides a basis for a reasonable inference by the factfinder regarding the fact in issue. Circumstantial evidence, in order to be sufficient, need not exclude every other reasonable conclusion. A conviction of even the gravest offense can be based entirely on circumstantial evidence. *State v. Logsdon*, 304 Kan. 3, 25, 371 P.3d 836 (2016).

Ortiz was convicted of possession of methamphetamine in violation of K.S.A. 2014 Supp. 21-5706(a). "'Possession' means having joint or exclusive control over an item with knowledge of and intent to have such control or knowingly keeping some item in a place where the person has some measure of access and right of control." K.S.A. 2014 Supp. 21-5701(q). "A person acts 'knowingly,' or 'with knowledge,' with respect to the nature of such person's conduct or to circumstances surrounding such person's conduct when such person is aware of the nature of such person's conduct or that the circumstances exist." K.S.A. 2014 Supp. 21-5202(i).

The State's evidence showing Ortiz knowingly possessed methamphetamine was circumstantial. But evidence of a mental state requirement can be, and most often is, supported entirely by circumstantial evidence. See *State v. Thach*, 305 Kan. 72, 82-84, 378 P.3d 522 (2016). Here, the circumstantial evidence that Ortiz knowingly possessed the methamphetamine was strong. Deputy Samuels located the pen casing in a black bag found in Ortiz' vehicle. The vehicle was registered to Ortiz. The vehicle was under Ortiz' control; Ortiz approached Deputy Samuels at his vehicle and asked him if he was getting a parking ticket. The black bag belonged to Ortiz. Ortiz testified he retrieved the bag from a storage box at his home. In the black bag, Deputy Samuels also found mail addressed to Ortiz and a marijuana cigarette Ortiz admitted was in his vehicle. Deputy Samuels recognized the pen casing as a device used for snorting methamphetamine.

4

Ortiz did testify he did not know the pen casing was in the bag, but the district court did not find Ortiz' testimony credible. Credibility determinations are left to the district court because this court does not have the benefit of observing the demeanor of the witness. This court cannot make its own credibility determination or reweigh the evidence. See *Dunn*, 304 Kan. at 822.

Citing *State v. Johnson*, 33 Kan. App. 2d 490, 106 P.3d 65 (2004), Ortiz argues the "constructive possession" factors are relevant and apply in Ortiz' favor in this case. In *Johnson*, the court explained:

> "[I]f a defendant lacks exclusive possession of the premises upon which drugs are found, it cannot be inferred that the defendant knowingly possessed the drugs unless other incriminating circumstances link the defendant to the drugs. [Citation omitted.] Incriminating factors include the following: (1) the defendant's previous sale or use of narcotics; (2) the defendant's proximity to the area in which the drugs were found; (3) the fact that the drugs were found in plain view; and (4) the defendant's incriminating statements or suspicious behavior. [Citation omitted.]" 33 Kan. App. 2d at 502.

Ortiz contends the above factors are relevant because they concern the connection between a person and contraband. Essentially, Ortiz argues the pen casing could have been in the bag before he started using the bag and that he did not know the pen casing was there.

Here, however, there is no indication anyone other than Ortiz had control over his vehicle or the black bag. Ortiz did not testify that anyone else had used the bag. Rather, when asked where he got the bag from, he merely stated, "I took it out of a storage box that we had in our shed back at home." Moreover, Ortiz admitted to possessing other drugs and he suspiciously walked around the block instead of directly to his car.

5

Another factor tending to prove a defendant's knowing possession of drugs is the proximity of the defendant's possessions to the drugs. See *State v. Marion*, 29 Kan. App. 2d 287, 290, 27 P.3d 924 (2001). It can reasonably be inferred Ortiz knowingly possessed the pen casing containing methamphetamine because it was found amongst his mail and marijuana cigarette in the bag.

Ortiz also contends the presence of a pen casing in the bag itself would be unremarkable and the methamphetamine residue inside the pen casing was not readily visible and not something he knowingly possessed. Ortiz attempts to distinguish *State v. Allen*, 52 Kan. App. 2d 729, 732-33, 372 P.3d 432 (2016), *rev. denied* 306 Kan. ___ (April 17, 2017), where the methamphetamine residue in question was readily visible to the naked eye.

But here, the methamphetamine was also visible to the naked eye. The KBI technician testified that he did a visual inspection of the pen casing and it appeared to have residue inside it. The technician testified one could see inside the pen casing by holding it up to the light and looking through it. The pen casing was found in Ortiz' bag in his vehicle. Deputy Samuels identified the pen casing as a device used for snorting methamphetamine. Ortiz admitted to having other drugs in the bag. When considered in the light most favorable to the State, there was sufficient circumstantial evidence for the district court, having weighed the credibility of the defendant, to conclude that Ortiz knowingly possessed methamphetamine.

Affirmed.